UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERTILIZANTES TOCANTINS S.A.,

    Plaintiff,

v.                                              Case No: 8:21-cv-2884-VMC-JSS

TGO AGRICULTURE (USA) INC.,

    Defendant.
_____/

## ORDER

Defendant moves the court for an order compelling Plaintiff to produce documents related to a transaction between Plaintiff and a non-party and to produce employees of Plaintiff with knowledge of the transaction for deposition testimony. (Motion, Dkt. 60.) Plaintiff opposes the Motion. (Dkt. 65.) The court held a hearing on the Motion on October 19, 2022. (Dkt. 71.) Upon consideration and for the reasons stated below, Defendant's Motion (Dkt. 60) is denied.

## BACKGROUND

Plaintiff brings this action against Defendant for an alleged breach of contract for Defendant's failure to deliver 45,000 megatons of fertilizer to Plaintiff. (Dkt. 1.) Plaintiff seeks approximately $7.3 million in damages. (Dkt. 69.) Discovery in this matter closed on September 13, 2022. (Dkt. 53.)

With the instant Motion, Defendant seeks to reopen discovery to compel the production of documents and testimony regarding a transaction between Plaintiff and

a company affiliated with Defendant, TGO-Singapore (TGO-S) (the Non-Party Transaction). (Dkt. 60.) The Non-Party Transaction relates to a separate transaction for the delivery of goods between Plaintiff and TGO-S. (*Id.*) Defendant asserts that Plaintiff withheld its claimed damages in this action from its payment owed to TGO-S in the Non-Party Transaction and advised TGO-S "that it will not make timely payment for the shipment . . . because [Plaintiff] is owed money by [Defendant] as claimed in this litigation." (*Id.* at 2.) Defendant asserts that the information sought through its Motion is relevant to Plaintiff's damages and its duty to mitigate in this action, and that Defendant needs the opportunity to explore whether the Non-Party Transaction gives rise to a compulsory claim against Plaintiff. (*Id.* at 4.)

In response, Plaintiff argues that information related to the separate Non-Party Transaction is neither relevant to the claims in this action nor proportional to the needs of this case. (Dkt. 65.) Plaintiff asserts that allowing this discovery would be unduly burdensome as Defendant seeks to depose Plaintiff's CEO and individuals would need to travel from Brazil to the United States for depositions. (*Id.* at 5–11.) Despite its opposition however, Plaintiff has provided Defendant with the Deferred Payment Agreement and the accompanying Promissory Note from the Non-Party Transaction, in which it agreed to pay the full amount owed to TGO-S by September 2023. (Dkts. 64, 64-1.)

## APPLICABLE STANDARDS

The court has broad discretion in managing pretrial discovery matters and in deciding motions to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d

1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). In determining the scope of permissible discovery under Rule 26(b)(1), courts consider, among other things, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701-ORL41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016) ("Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case."). Further, Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26 (b)(2)(C).

## ANALYSIS

Upon consideration of the parties' submissions and the arguments of counsel, the court finds that the discovery sought by Defendant's Motion is neither relevant nor proportional to the needs of the case. *See, e.g., Benz v. Crowley Logistics, Inc.*, No. 3:15-

cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Jones v. Z.O.E. Enters. of Jax, Inc.*, No. 3:11-cv-377-J-32MCR, 2012 WL 3065384, at *2 (M.D. Fla. July 27, 2012) (denying a motion to compel when the moving party failed to make an adequate initial showing of relevancy). The Non-Party Transaction is between Plaintiff and a non-party to this action and arises from circumstances distinct from the alleged breach of contract in this matter. To the extent that the Non-Party Transaction may be relevant to Plaintiff's damages in this action, Plaintiff has provided Defendant with the Deferred Payment Agreement and Promissory Note, which describe Plaintiff's obligations in the Non-Party Transaction. *See* (Dkt. 64-1.)[1] Thus, Defendant has already received the most significant information sought through its Motion. The negotiation of that agreement and the individuals involved in that negotiation are not relevant to this breach of contract action arising from a wholly separate alleged agreement and transaction. *See Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016) ("The proponent of a motion to compel discovery bears the initial burden of providing that the information sought is relevant.").

The discovery sought is further not proportional to the needs of the case when comparing its lack of relevance against the burden imposed on Plaintiff in having to transport individuals from Brazil to the United States for depositions and because

---

[1] Defendant also appears to have received additional information sought by the Motion through a deposition of one of Plaintiff's employees. *See* (Dkt. 63-1.)

Defendant may potentially have access to the information through its affiliated company, TGO-S, or their shared parent. *See* Fed. R. Civ. P. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information, . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit"); Fed. R. Civ. P. 26(b)(2)(C) (requiring court to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2016 WL 7734076, at *2 (M.D. Fla. Apr. 15, 2016) ("Although the federal rules generally allow for liberal discovery in civil matters, such is not unbounded. The Court must consider proportionality to the needs of the case.").

     Defendant does not provide any authority for its assertion that "it could be bound by the doctrine of *res judicata* if it does not pursue a claim it learned about during the discovery period of this action . . . and if appropriate, seek leave to file an amended answer and/or assert a counterclaim" and counsel did not expand on this point during the hearing. (Dkt. 60 at 4.) However, to the extent that Defendant asserts that the requested discovery is necessary to explore a compulsory counterclaim against Plaintiff, the court agrees with Plaintiff that any claim arising from the Non-Party Transaction would at most be a permissive claim. *See* Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counterclaim any claim that – *at the time of its service* – the pleader has against an opposing party if the claim: (A) *arises out of the transaction or occurrence that is the subject matter of the opposing party's claim*.") (emphasis added); *see VP Properties & Devs., LLLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir.

2016) ("A permissive counterclaim is a claim against the plaintiff that arises out of a different transaction or event.") (citing Fed. R. Civ. P 13(b)); *see also* Fed. R. Civ. P. 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."). Defendant's Answer was filed in April 2022, and the events giving rise to the Non-Party Transaction stem from a separate shipment, contract, and resolution that occurred in August or September 2022 between Plaintiff and non-party TGO-S. *See Satterfield v. CFI Sales & Mktg., Inc.*, No. 6:09-cv-1827-ORL-28, 2012 WL 640740, at *4 (M.D. Fla. Feb. 28, 2012) (finding counterclaim failed Eleventh Circuit's logical relationship test to be a compulsory counterclaim where claims in complaint and counterclaim "involve different time periods, different contracts, and different pay arrangements"). As discussed above, the requested discovery is neither relevant nor proportional to the needs of this matter, and Defendant has not demonstrated sufficient justification to reopen discovery to explore whether the Non-Party Transaction gives rise to a permissive claim against Plaintiff, especially because Defendant has already been provided the agreement between Plaintiff and TGO-S. *See* (Dkt. 64-1).

Accordingly, it is **ORDERED** that Defendant's Motion to Compel (Dkt. 60) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 25, 2022.

                                              JULIE S. SNEED
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record