UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERTILIZANTES TOCANTINS S.A.,

Plaintiff,

v. Case No. 8:21-cv-2884-VMC-JSS

TGO AGRICULTURE (USA) INC.,

Defendant.
______________________________/

**ORDER**

This matter comes before the Court pursuant to Defendant TGO Agriculture (USA) Inc.'s ("TGO") Motion for Sanctions (Doc. # 106), filed on April 19, 2023, and Plaintiff Fertilizantes Tocantins S.A.'s ("FTO") Motion to Amend Exhibit List (Doc. # 112), filed on June 16, 2023. FTO responded on May 5, 2023 (Doc. # 109), and TGO responded on July 1, 2023. (Doc. # 118). For the reasons set forth below, TGO's Motion is denied and FTO's Motion is denied without prejudice.

## I. Background

This case involves an alleged contract between FTO and TGO to purchase a common fertilizer ingredient. FTO alleges the contract was negotiated by Eric Santos, a former FTO employee, and Mauricio Bodanese, a former TGO agent, "via a

combination of WhatsApp message and oral phone calls" during September 2020. (Doc. # 112 at 1).

When Mr. Santos departed from FTO on May 21, 2021, he took his phone. (Doc. # 108 at 13). Because Mr. Santos resides in Brazil – which has strict laws regarding foreign litigants attempting to depose Brazilian residents – and is no longer an FTO employee, FTO states that it was unable to procure the relevant messages from Mr. Santos during discovery. (Doc. # 112-1 at 1).

Discovery closed on September 13, 2022. (Doc. # 38 at 2). On April 19, 2023, TGO filed its Motion for Sanctions, alleging that FTO spoliated the messages related to the alleged contract formation. (Doc. # 106). FTO responded on May 3, 2023. (Doc. # 109).

After TGO filed its Motion for Sanctions, FTO contacted Mr. Santos "to address head-on the issue raised in TGO's Motion." (Id.). At this time, Mr. Santos informed FTO that he preserved the relevant messages on his personal phone. (Id.). Mr. Santos then agreed to provide the messages between him and Mr. Bodanese "that related to the September 2020 purchase." (Id.). According to FTO, Mr. Santos "personally and methodically identified" all relevant messages because he "would not allow FTO to have full access to his phone and

understandably would not agree to provide the messages if an outside technology vendor was involved." (Id.). Mr. Santos downloaded the messages and provided them to FTO in a Word document. (Id.).

On June 16, 2023, FTO filed its Motion to Amend Exhibit List to include the messages Mr. Santos provided to them. (Doc. # 112). TGO responded on July 1, 2023. (Doc. # 118). Both motions are now ripe for review.

## II. Analysis

The Court will first address TGO's Motion for Sanctions and then FTO's Motion to Amend Exhibit List.

### 1. TGO's Motion for Sanctions

TGO asks the Court to issue a finding of fact that the messages between Mr. Santos and Mr. Bodanese do not support FTO's theory of the case as a sanction for FTO's failure to produce the relevant messages. In response, FTO contends that TGO's Motion is untimely and fails to establish spoliation of evidence.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Graff v. Baja Marine Corp., 310 F. App'x. 298, 301 (11th Cir. 2009) (internal quotation marks omitted). A

district court has "broad discretion" to impose sanctions as part of its "inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). Sanctions for spoliation of evidence are intended to accomplish two objectives: "prevent unfair prejudice to litigants and to insure the integrity of the discovery process." Id.

Federal Rule of Civil Procedure 37(e) addresses electronically stored information ("ESI"). Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party[.]

Fed. R. Civ. P. 37(e).

Sanctions are not warranted here. First, TGO has not demonstrated that the messages are lost. FTO was able to produce at least some of the messages from Mr. Santos, and Mr. Santos has indicated that he has all the messages stored on his personal phone. Further, the messages are available from two sources – FTO's former employee and TGO's former agent. TGO could also attempt to secure the information from Mr. Bodanese. See Burns v. Medtronic, Inc., No. 8:15-cv-2330-TBM, 2017 WL 11633269, at *5 (M.D. Fla. Aug. 9, 2017) ("[I]t is entirely unclear to this Court if any ESI has been actually 'lost' and/or unrecoverable from alternate sources. According to the Advisory Committee Notes: 'Because electronically stored information often exists in multiple locations, loss from one source may be harmless when substitute information can be found elsewhere.'").

Second, TGO has not demonstrated that FTO intended to deprive TGO of the messages. The messages are stored on the personal cell phone of FTO's former employee. FTO never had possession of the messages. When Mr. Santos departed from FTO on May 21, 2021, he took his phone. (Doc. # 108 at 13). Rule 37 did not create an obligation for FTO to preserve the messages on Mr. Santos's personal phone upon or after his departure. See Grayson v. No Labels, Inc., No. 6:20-cv-1824-

PGB-LHP, 2022 WL 1222645, at *4 (M.D. Fla. Apr. 11, 2022) ("The doctrine of spoliation does not impose a duty to 'garner' evidence. The doctrine addresses the consequences of failing to preserve evidence which one possessed, had a duty to preserve, and destroyed or altered in bad faith. Even assuming each Defendant had a duty to preserve evidence, they must have possessed the evidence to preserve it."); Burns, 2017 WL 11633269, at *4 (M.D. Fla. 2017) ("Nor do I find case law requiring such cloning or seizure of the custodians' phones under the amended Rule 37(e).").

Finally, TGO has not demonstrated that it will be prejudiced by FTO's alleged failure to produce the messages. TGO filed its Motion on April 19, 2023, more than seven months after discovery closed. It does not explain why it failed to pursue the messages during discovery, why it did not attempt to get the messages from Mr. Bodanese, or why it waited so long after the close of discovery to raise the issue. As such, TGO has not demonstrated that spoliation occurred or that sanctions are warranted. Therefore, the Court denies TGO's Motion.

**2. FTO's Motion to Amend Exhibit List**

FTO seeks to amend the exhibit list to include the WhatsApp messages exchanged between Mr. Santos and Mr.

Bodanese that it obtained from Mr. Santos. (Doc. # 112). TGO opposes the introduction of these text messages, arguing that the messages are an incomplete record of the communications between Mr. Santos and Mr. Bodanese. (Doc. # 118 at 10). The messages pertain to the negotiation of the contract at issue. FTO contends the messages should be admitted into evidence because (1) the messages were not in the possession of either party during the discovery period; (2) the messages relate to a critical element of the case; that is, the pre-contract negotiations; and (3) neither party will be prejudiced. (Doc. # 112).

TGO contends that the evidence is incomplete, and, therefore, inadmissible. Federal Rule of Evidence 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. "[T]he purpose of Rule 106 . . . is to permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading." United States v. Jamar, 561 F.2d 1103, 1108 (4th Cir. 1977).

With respect to text messages, "an exchange of text messages is more akin to a transcript of a telephone conversation. Just as redacting portions of a telephone conversation would make the transcript incomplete and would be improper, there is "no good reason" to show only portions of a text message conversation. Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc., No. 3:20CV5425-TKW-HTC, 2020 WL 9209769, at *3 (N.D. Fla. July 14, 2020) (citing Fed. R. Evid. 106).

Here, FTO seeks to amend the exhibit list to allow for the introduction of WhatsApp messages between Mr. Santos and Mr. Bodanese spanning from September 11, 2020, to September 30, 2020, and from May 10, 2021, to May 18, 2021. (Doc. # 119-2). These WhatsApp messages were procured voluntarily from Mr. Santos following his departure from FTO. (Doc. # 112-1 at ¶ 3, 7). However, due to privacy concerns, Mr. Santos did not permit FTO full access to his phone, nor would he provide the messages or his phone to an outside technology vendor. (Id. at ¶ 8). Rather, Mr. Santos "personally and methodically identified all messages on his phone between himself and Mr. Bodanese that related to the transaction at issue in this dispute." (Id. at ¶ 9).

The Court finds that the messages that FTO seeks to introduce are incomplete under Rule 106 for two reasons. First, the WhatsApp messages omit any exchange occurring prior to September 11, 2020. (Doc. # 119-2). However, in its complaint, FTO alleges that it engaged in extensive negotiations with TGO "[i]n September 2020," resulting in a purchase confirmation "[o]n September 11, 2020, after several days of negotiation[.]" (Doc. # 1 at ¶ 12-13). As the Court discussed in its order on summary judgment, under the Convention on Contracts for the International Sale of Goods ("CISG"), courts should give "due consideration . . . to all relevant circumstances of the case including negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties." CISG, art. 8(3); see (Doc. # 9 at 22-23). Introducing only the WhatsApp messages that occurred on or after September 11, 2020, would present a truncated view of the negotiations that transpired between Mr. Santos and Mr. Bodanese.

Second, the messages omit certain audio messages and photos exchanged between Mr. Santos and Mr. Bodanese. According to TGO, FTO "failed to produce audio messages that Mr. Santos and Mr. Bodanese exchanged on September 30, 2020,

at 6:55 p.m. and 7:12 p.m. [and] several photos they exchanged on September 22 and September 30, 2022." (Doc. # 118 at 11). Because "portions of a document often must be read in context, requiring consideration of the entirety of the record," Buffington v. Nestle Healthcare Nutrition Inc., No. SACV 18-00106-JVS (JDEx), 2019 WL 3069014, at *6 (C.D. Cal. Apr. 18, 2019) (citing Fed. R. Evid. 106), the Court agrees with TGO that permitting FTO to introduce only portions of the ongoing negotiations and post-formation conduct would violate the rule of completeness.

Because the messages are incomplete, the Court denies FTO's Motion without prejudice. The Court would revisit the inclusion of the messages in FTO's exhibit list if FTO were able to produce the complete set of messages.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) TGO Agriculture (USA) Inc.'s Motion for Sanctions (Doc. # 106) is **DENIED**.

(2) Fertilizantes Tocantins S.A.'s Motion to Amend Exhibit List (Doc. # 112) is **DENIED** without prejudice. If FTO chooses to renew its motion, the Court would consider whether to allow FTO to revise its exhibit list to include the complete set of messages.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE